IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH LEE THOMPSON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-147-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner KENNETH LEE THOMPSON, JR. has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a state prison disciplinary proceeding. At the time he filed his habeas application, petitioner was incarcerated at the Neal Unit in Potter County, Texas. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
DISCIPLINARY CHARGE AND PROCEEDINGS

On May 12, 2016, in disciplinary case number 20160277179, petitioner was charged at the Neal Unit with the offense of engaging in consensual sexual acts with others, a Level 2, Code 20.3 violation of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders*. [ECF at 14-2 at 5]. Specifically, the Offense Report alleged that on May 12, 2016 at 2:10 p.m., petitioner "did engage in a consensual act with offender Levi, Ricky #1522590, by laying down with offender Levi on his bed doing up and down movements while offender Levi had his boxers off for the purpose of sexual

gratification." [*Id.*]. As "additional information" in the Offense Report, the Charging Officer explained:

> During the course of an investigation, while reviewing surveillance video from P-wing, I observe offender Levi, Ricky #1533590 go inside offender Thompson, Kenneth #1959808 cell P. 49 **on April 11, 2016 at 12:47 a.m.** Offender Levi remove[d] his boxer[s] and goes undercovers with offender Thompson, during the video both offenders are doing a lot of up and down movements.

[*Id.*, emphasis added]. During the preliminary investigation of the offense, petitioner stated, "I didn't have any homosexual activity or sexual activity with another man." [ECF 14-2 at 9].

On May 17, 2016, petitioner was officially notified of the charges against him and indicated he wanted to attend the disciplinary hearing. [ECF 14-2 at 3]. During counsel substitute's investigation of the offense, petitioner again stated he "did not do it." [ECF 14-2 at 7].

On May 18, 2016, a Disciplinary Hearing Officer (DHO) conducted a disciplinary hearing on the alleged charges. At the hearing, petitioner stated, "I did not indulge in any homosexual activities or . . . penetration." [ECF 15, Disciplinary Hearing CD]. At the hearing, the Charging Officer testified that on May 12, 2016, he was reviewing video from April 11, 2016 and observed the conduct that formed the basis for the disciplinary charge against petitioner. The Charging Officer acknowledged he could not observe the specific acts taking place between petitioner and offender Levi under the bed covers, but that they were under the covers together, with offender Levi not wearing his boxer shorts, for approximately 15 minutes with movement taking place under the covers. The Charging Officer testified that after this 15-minute period of time, offender Levi exited the bed, put his boxer shorts back on and left the cubicle. At the conclusion of the hearing, the DHO found petitioner guilty of the charged offense based on the Charging Officer's Offense Report and hearing testimony, and assessed punishment that included the forfeiture of thirty (30) days previously accrued good time

credit.[1]

On May 20, 2016, petitioner filed a Step 1 grievance arguing:

1. There was no evidence to support the DHO's finding of guilt because no videotape was produced at the hearing and the DHO did not review the videotape purportedly showing petitioner committing the alleged offense;

2. The evidence was insufficient to support the DHO's ruling because the Charging Officer's testimony as to the date of the offense varied from the offense date alleged in the Offense Report; and

3. Petitioner was denied adequate notice of the charges against him because of the DHO's modification, at the hearing, of the offense date in the Offense Report to reflect the Charging Officer's testimony.

[ECF 14-1 at 3-4]. On May 23, 2016, while his first Step 1 grievance was pending, petitioner filed a second Step 1 grievance arguing:

1. Petitioner was denied effective assistance of counsel substitute because counsel did not review the video tape which purportedly showed petitioner committing the alleged offense; and

2. The administration refused to allow petitioner to view the videotape and allegedly advised him that it did not show the commission of an offense but that he was guilty simply by allowing a known homosexual into his cell.

[ECF 14-1at 5-6]. On that same date, petitioner's second Step 1 Grievance was returned to him as "redundant." [ECF 14-1 at 6]. On May 27, 2016, petitioner's first Step 1 grievance was denied with the following response:

> Disciplinary Report #20160277179 and all related investigative documentation has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within Agency guidelines. The unforeseen ramifications of your actions in a prison environment could result in serious consequences and will not be tolerated. Furthermore, a consensual act with another Offender will not be tolerated. No further action is warranted in this matter.

[ECF 14-1 at 4].

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution, including petitioner's 2-level reduction in class status. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

On June 7, 2016, petitioner filed a Step 2 grievance arguing:

1. The Charging Officer acted with deliberate indifference to the medical needs of petitioner by not ordering an STD test or a medical exam if he believed sexual activity had taken place between petitioner and another inmate;

2. The evidence was insufficient to support the guilty finding because the Charging Officer did not see petitioner remove any of his clothing or "come from underneath his blankets;"

3. The Charging Officer violated TDCJ-CID policy by charging petitioner with the offense more than thirty (30) days after the alleged offense date;

4. Petitioner was denied effective assistance of counsel substitute because counsel did not view the video tape of the alleged conduct;

5. Petitioner was denied due process and a fair hearing because the DHO did not review the video tape of the alleged conduct, instead relying on the Offense Report and testimony of the Charging Officer;

6. The Offense Report was a false and fraudulent report because it stated the offense occurred on May 12, 2016 rather than April 11, 2016; and

7. Cruel and unusual punishment because the DHO reduced petitioner six (6) line classes in a 24-hour time span.

[ECF 14-1 at 7-8]. On June 20, 2016, petitioner's Step 2 grievance was denied with findings that there was "sufficient evidence presented to sustain the charge and the finding of guilt," that the "hearing was conducted per policy" with "no due process or procedural errors" being noted, and that the punishment assessed was within agency guidelines for the offense. [ECF 14-1 at 8].

On July 8, 2016, petitioner placed the instant habeas petition challenging the disciplinary proceeding decision in the prison mailing system, such application being received by the Court and file marked on July 11, 2016.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary

decision and loss of good time punishment because:

1. There was "no evidence" to support the DHO's finding of guilt because the testimony at the disciplinary hearing was that the alleged offense occurred on April 11, 2016 rather than May 12, 2016 as alleged in the Offense Report;

2. If the offense date was April 11, 2016 as testified to by the Charging Officer at the hearing, then the May 12, 2016 Offense Report was made more than thirty (30) days after the date on which the offense occurred, in violation of TDCJ-CID policy;

3. Petitioner was denied effective assistance of counsel substitute because counsel did not personally view the videotape that purportedly showed petitioner engaging in the alleged conduct; and

4. There was insufficient evidence to support a finding of guilt because:

    a. the videotape that purportedly showed petitioner engaging in the alleged conduct was not presented at the hearing; and

    b. the Charging Officer acknowledged he did not observe petitioner "having sex," observe a "sex act" or observe sexual "penetration" during the alleged conduct.

[ECF 3 at 6-7].

### III.
### EXHAUSTION AND PROCEDURAL DEFAULT

On November 22, 2016, respondent filed an Answer asserting all but petitioner's first ground are unexhausted and procedurally barred, and should be dismissed as he did not present all of his grounds in both his Step 1 grievance to his TDCJ unit, and his Step 2 grievance to the state's Central Grievance Office.  [ECF 13].  Although relief may not be granted on unexhausted claims, such claims may be denied on the merits.  28 U.S.C. § 2254(b)(2); *Mercadel v. Cain*, 179 F.3d 271, 276-78 (5th Cir. 1999).  Consequently, the undersigned does not address respondent's exhaustion argument but, instead, addresses below why petitioner's claims should be denied on the merits.

IV.
REVIEW OF PRISON DISCIPLINARY HEARINGS

It is the law of the Fifth Circuit that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The requirements of due process are satisfied if there is "at least 'some basis in fact' or a 'modicum of evidence' to support the disciplinary conviction.'" *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454–56, (1985). "The goal . . . is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001).[2]

A. <u>Sufficiency of the Evidence</u>

By his first ground, petitioner asserts there was "no evidence" to support the DHO's finding of guilt because the testimony at the disciplinary hearing was that the alleged offense occurred on April 11, 2016. Petitioner contends this testimonial evidence fails to support the charge in the Offense Report that the alleged offense occurred on May 12, 2016.

Federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where "no evidence" in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings; rather, this Court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

As noted above, the Offense Report, although alleging an offense date of May 12, 2016, clearly

---

[2]Petitioner does not appear to assert a denial of procedural due process with regard to the disciplinary proceeding. *See Wolff v. McDonnell*, 419 U.S. 539 (1974).

explained that while the Charging Officer was reviewing surveillance video from April 12, 2016, he observed the alleged conduct that formed the basis for the disciplinary charge occurring inside petitioner's cell at 12:47 a.m.  At the hearing, the Charging Officer confirmed that the conduct allegations in the Offense Report were true and correct.  The officer then testified that in reviewing video surveillance from April 11, 2016, that he could not only clearly identify petitioner under the covers in the bed of his cubicle, but he also observed offender Levi enter petitioner's cubicle, remove his boxer shorts, climb under the covers with petitioner, and further observed movement under the blanket for approximately 15 minutes while petitioner and offender Levi were under the covers together.  [ECF 15].  The officer testified that after this period of time, offender Levi got out from under the bed covers and exited the bed, put his boxer shorts back on, and left the cubicle.  The officer testified petitioner remained under the covers the entire time and that he did not know if petitioner was dressed or undressed, or if either petitioner or the other offender was ever in a top or bottom position.  The officer opined that petitioner did not push offender Levi away or order him out of the cubicle due to the 15-minute length of time petitioner and the other offender were under the bed covers together with movement taking place.  The DHO found the offense report and witness testimony at the hearing to be credible and relied upon them in finding petitioner guilty of the charged offense.

      The undersigned initially notes it is clear from a cursory reading of the Offense Report that the proper offense date was April 11, 2016, the date of the conduct at issue rather than the date the conduct was discovered and the Offense Report prepared.  Moreover, at the hearing, the date discrepancy in the Offense Report was fully explained and the DHO properly modified the offense date orally to reflect the actual date the conduct took place.[3]  The Charging Officer's report and his hearing testimony, relied upon by the DHO for her finding of guilt of the offense as modified, clearly constituted "some evidence" and supported a finding that petitioner engaged in the conduct alleged.

---

[3] Neither petitioner nor his counsel substitute objected to the modification at the time.  Moreover, petitioner has not argued, much less demonstrated, that his defense strategy would have been any different if the April 11, 2016 date had been set out in the Offense Report.

The DHO's determination that petitioner engaged "in a consensual act with Offender Levi . . . for the purpose of sexual gratification" on April 11, 2016 was not unreasonable or arbitrary. The undersigned finds the evidence presented was sufficient for purposes of federal habeas review to support the prison disciplinary decision. Petitioner's first ground should be denied.

By his fourth ground, petitioner asserts the evidence was insufficient to support a finding of guilt because the videotape that purportedly showed petitioner engaging in the alleged conduct was not presented at the hearing. Again, in the Offense Report, the Charging Officer averred:

> During the course of an investigation, while reviewing surveillance video from P-wing, [he] observe[d] offender Levi, Ricky #1533590 go inside offender Thompson, Kenneth #1959808 cell P. 49 on April 11, 2016 at 12:47 a.m. Offender Levi removes his boxer[s] and goes undercovers with offender Thompson, during the video both offenders are doing a lot of up and down movements.

This report, standing alone, constitutes all the evidence necessary to establish a disciplinary infraction. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir.2001) (incident report is "some evidence" of guilt). Even so, the Charging Officer gave a witness statement averring he viewed the video and could clearly identify the offenders involved in the incident. [ECF 14-2 at 8]. The Charging Officer also testified at the hearing as to the conduct he observed on the surveillance videotape. Production of the actual videotape at the disciplinary hearing was not required.[4] The Charging Officer's Offense Report, Witness Statement, and hearing testimony constituted "some evidence" to support the DHO's finding of guilt, and the determination that petitioner engaged in conduct in violation of TDCJ rules was not arbitrary or capricious. This claim under petitioner's fourth ground should be denied.

Petitioner also contends there was insufficient evidence to support a finding of guilt because the Charging Officer testified at the hearing that he did not observe petitioner "having sex," observe a

---

[4]Although petitioner does not assert he was denied due process or a fair hearing by the failure to introduce the video at the hearing, the undersigned notes any such claim would be without merit. The right to present documentary evidence is not an absolute requirement of due process in prison disciplinary hearings; rather, it is one of a set of flexible factors that the Supreme Court has identified as characteristic of fair hearings. The Fifth Circuit has held prison hearings to be fair where inmates sought to introduce surveillance video and were not permitted to do so. *See Arceneaux v. Pearson*, 449 F. App'x 396, 398 (5th Cir. 2011) (unpublished)(citing *Neal v. Casterline*, 129 Fed.Appx. 113, 114 (5th Cir. 2005) (holding that the DHO's failure to observe a surveillance video did not violate inmate's due process rights)); *Clements v. Dobre*, 273 F.3d 1107, at *1 (5th Cir. 2001) (unpublished) (holding that prison's failure to produce video of the incident in question did not violate inmate's due process rights).

"sex act" or observe sexual "penetration" during the alleged conduct. Although there was a lack of direct visual observance of a sexual act, there was certainly substantial circumstantial evidence of engaging in a consensual sexual act with another. This circumstantial evidence, without a doubt, constitutes "some evidence" to support the DHO's finding of guilty. The undersigned finds the DHO's determination that petitioner engaged "in a consensual act with Offender Levi . . . for the purpose of sexual gratification" was not unreasonable or arbitrary. This claim under petitioner's fourth ground should be denied.

### B. Violation of TDCJ-CID Policy

By his second ground, petitioner argues that if the offense was committed on April 11, 2016 as testified to by the charging officer at the hearing, then the May 12, 2016 Offense Report was made more than thirty (30) days after the date on which the offense occurred, in violation of TDCJ-CID policy. TDCJ-CID policy states that offenders will be served with notice of major disciplinary charges within "within 30 days of discovery of the alleged violation." TDCJ-CID *Disciplinary Rules and Procedures for Offenders* IV.A.1. (outlining the procedures to be followed when an inmate violates a TDCJ rule). Petitioner was served notice of the charges levied against him on May 17, 2016. Petitioner appears to argue this Court should overturn the prison disciplinary ruling and punishments because TDCJ violated its internal policy.

At the hearing, the Charging Officer testified that on May 12, 2016, while reviewing surveillance video dated April 11, 2016, he observed the conduct which formed the basis for the disciplinary charge against petitioner. Based on this testimony, the Charging Officer discovered the alleged violation on May 12, 2016. Petitioner was served notice of the charge on May 17, 2016, within 30 days of the discovery of the alleged violation. TDCJ did not violate its internal policies.

Nevertheless, even if TDCJ had violated its time procedure for serving notice of and explaining the disciplinary charge to petitioner, a claim that TDCJ violated its internal policies is not cognizable

on federal habeas review. TDCJ's violation of its own internal administrative policies and procedures or rules and regulations does not raise constitutional issues necessary to assert a cognizable ground on federal habeas corpus review. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Petitioner's second ground should be denied.

### C.  Effective Assistance of Counsel Substitute

At the hearing, counsel substitute acknowledged she did not personally view the surveillance video that purportedly showed the alleged conduct forming the basis for the disciplinary charged. Counsel explained she had, instead, obtained a Witness Statement from the Charging Officer wherein he averred he had viewed the video and could clearly identify the offenders involved. By his third ground, petitioner asserts he was denied effective assistance of counsel substitute because counsel did not personally view the surveillance video to confirm the video depicted the alleged conduct and purportedly advised petitioner she "would go off whatever testimony [the Charging Officer] stated."

Regardless of the actions or inactions of counsel substitute, petitioner cannot show a constitutional violation necessary for federal habeas relief. There is no federal legal standard for, or constitutional right to, counsel in a prison disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976). Thus, a claim of ineffective assistance of substitute counsel is not of constitutional magnitude. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel."). Petitioner's third ground should be denied.

### VI. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KENNETH LEE THOMPSON, JR. be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 10, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).